UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY ISH,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 4:21-cv-00325-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

On August 12, 2021, Petitioner Anthony Ish filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). Dkt. 1.

A flurry of activity has taken place in the intervening months. Because of the Court's heavy caseload, it was unable to address various issues raised and/or provide direction as timely as it would have liked. As a result, some procedural confusion has arisen in this case. The Court takes this opportunity to summarize the record, rule on certain pending motions, and outline how the case will proceed moving forward.

# II. ANALYSIS

Organizationally, the Court will briefly outline the docket and summarily rule on certain requests. Motions requiring a more thorough analysis will then be addressed.

Ish filed his Petition on August 12, 2021. Dkt. 1. In an attached supplement, Ish requested an additional 60 days "to bring forth him memorandum of law" in support of his Petition. The stated reason for the extension was the COVID-19 pandemic limiting his

access to materials in prison. Dkt. 1-1. Not initially noticing this request, the Court entered its standard briefing schedule requiring the Government to respond within 30 days. Dkt. 2.

On August 23, 2021, Ish filed a letter requesting a copy of his Petition. Dkt. 3. The Clerk of the Court obliged and sent Ish a copy of Dkt. 1.

A week later, Ish filed another letter. Dkt. 4. This "letter," however, is really a motion. Therein, Ish requested a stay of these proceedings because: 1) he was still waiting for the copy of his Petition he requested the week prior; 2) he wanted to prepare more materials to submit to the Court; and 3) he needed discovery. Ish then outlined the discovery he desired and requested an order granting his request. Insofar as Ish has already received a copy of his Petition, and has filed numerous supplements since that time, the first two requests are MOOT. Ish's discovery motion will be addressed below.

The Government then filed a Motion to vacate the briefing schedule. Dkt. 5. In its filing, the Government alerted the Court to the fact that Ish had requested a 60-day continuance in the supplement to his Petition (Dkt. 1-1) and that its response was due before that time would run. *Id*. at 2. As a result, the Government asked that, if the Court were inclined to grant Ish's request for more time, it extend the Government's response deadline as well. The Court gave Ish 60-days to complete briefing on his Petition and reset the remaining deadlines accordingly. Dkt. 6.

Shortly thereafter, Ish filed another supplement. Dkt. 8. This "supplement," however, is another motion. In this motion, Ish requests another stay of these proceedings, arguing that until the Court rules on his discovery motion, he cannot complete his Petition. *Id*.

MEMORANDUM DECISION AND ORDER - 2

Ish then filed a Motion to Disqualify the undersigned. Dkt. 9. This motion will be addressed below.

Another Motion to Supplement followed. Dkt. 11. At the end of this third supplemental filing, Ish requested the appointment of counsel. *Id.* at 16. The request to supplement is GRANTED; the request for counsel will be addressed below.

Ish then filed a "request," seeking a copy of the Government's response[1] to Dkt. 11—his motion to supplement and for counsel. Dkt. 13.

Ish subsequently filed another 56-page Motion to Supplement, as well as a 23-page Motion to Amend. Dkts. 14-15. In these submissions, Ish adds supporting material to his Petition. To the extent these motions seek leave to supplement the Petition, the same is GRANTED. All other requests are DENIED.[2]

Ish later sent another letter requesting information about, among other things,[3] how the Government had responded to his Motion at Dkt. 11. Dkt. 16.

Ish recently filed a Motion for Summary Default (Dkt. 18) asserting that because the Government has not responded to any of his submissions, the Court should hold the Government in default and grant Ish a new trial. The Government has not responded to anything in this case because numerous motions are outstanding. The Court has yet to rule on Ish's Motion for Counsel and Motion for Discovery. The Government has not been

---

[1] The Government never, in fact, responded to Dkt. 11—Ish simply assumed a response had been filed.

[2] For example, Ish requests that he be allowed to supplement, but also that a new trial be granted. The request to supplement is granted; the request for a new trial is denied.

[3] The bulk of this letter had to do with money Ish thought he had overpaid the Clerk's office and wanted returned to him.

MEMORANDUM DECISION AND ORDER - 3

dilatory in its duties; it has simply been waiting on the Court. Ish's Motion for Default is accordingly DENIED.

Finally, Ish recently filed a letter requesting a status update. Dkt. 19. The Clerk sent Ish a copy of the docket. This decision will answer all of Ish's remaining questions regarding the posture of this case.

### A. Motion to Disqualify (Dkt. 9)

At the outset, the Court will address Ish's Motion for Judicial Disqualification since this motion challenges the Court's authority to preside over this case in general, and, as a result, its authority to rule on any of the other pending motions.

In his Motion, Ish explains that his family recently made him aware that the undersigned presided over his father's murder trial in Idaho state court before taking the federal bench. Ish asserts this is a "conflict of interest," and worries whether the undersigned will be "fair and imparcial [sic]" as opposed to "bias malice and vindictive." Dkt. 9, at 1. In light of these concerns, Ish requests that a new judge be appointed to preside over this case. *Id.* at 2.

The Court has thoroughly reviewed the record and determines that Ish has not shown the statutes governing disqualifications of judges, 28 U.S.C. §§ 144[4] or 455[5]--

---

[4] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[5] Section 455 provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

MEMORANDUM DECISION AND ORDER - 4

or any case interpreting those sections—apply in this case.

While Ish is correct that the undersigned presided over his father's state-court criminal proceedings, this factor does not warrant immediate disqualification in these post-conviction matter. For one, as Ish himself notes, his father's conviction was overturned in state court, a new trial was granted, and a separate judge conducted the subsequent proceedings. Additionally, the undersigned was not the Judge in Ish's underlying criminal case in Federal Court that gave rise to the current Petition—retired District Judge Edward

---

(b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

    (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

    (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

    (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

    (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

        (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

        (ii) Is acting as a lawyer in the proceeding;

        (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

        (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

J. Lodge was. Those nuances aside, the Court understands and appreciates Ish's concern. Nevertheless, Ish's bald assertion that the undersigned *might* not be fair and impartial in these post-conviction proceedings is insufficient to warrant recusal. Ish has not pointed to anything even approaching some type of "deep-seated favoritism or antagonism that [would make] fair judgment impossible" and require disqualification. *Focus Media, Inc. v. Nat'l Broadcasting Co.,* 378 F.3d 916, 930 (9th Cir. 2004) (cleaned up). Ish's general concerns and assumptions are not enough to overcome the presumption of impartiality. *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (The test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned") (cleaned up).

The undersigned will treat Ish the same way as any other litigant—fairly and impartially. The Motion for Disqualification (Dkt. 9) is DENIED.

### B. Motion for Counsel (Dkt. 11)

Ish has not filed an official motion for appointment of counsel in this case. Nor has he provided any specific facts the Court could consider in support of such a request. Rather, Ish simply states at the end of his recent Motion to Supplement that the Court should appoint counsel to "represent [him] in future proceedings." Dkt. 11, at 16.

To begin, a federal habeas petitioner has "no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition." *United States v. Angelone,* 894 F.2d 1129, 1130 (9th Cir. 1990). *See also Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the

MEMORANDUM DECISION AND ORDER - 6

discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). A court has considerable discretion in deciding whether to appoint counsel in § 2255 proceedings and *may* furnish counsel when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, the Court does not find the interests of justice require the appointment of counsel. Like all prisoners (and pro se parties), Ish would no doubt benefit from the help of an attorney. However, that is not the relevant question. The question is whether justice requires as much. In this case, Ish was represented by competent counsel during his underlying criminal proceeding. He was also represented by competent counsel on appeal before the Ninth Circuit. Representation at both of those levels was mandated by the Constitution. Beyond that, however, the determination is left to the Court.

The Court has reviewed all of Ish's filings in this case and determines, in its discretion, that the appointment of counsel is unnecessary to aid Ish moving forward. The arguments Ish raises in his Petition are straightforward and he has been able to adequately argue them on his own. Consistent with Supreme Court precedent, 28 U.S.C. § 2255, and 18 U.S.C. § 3006A, the Court finds the appointment of counsel is not appropriate in this case and the request is DENIED.

**C. Motion for Discovery (Dkt. 4)**

Along similar lines, the Court finds that discovery is unnecessary in this case.

As part of one of his letters (Dkt. 4), Ish outlines 16 areas/topics upon which he believes the Court should grant him leave to pursue discovery. The requests range from an autopsy and investigative reports to body camera footage and fingerprint analysis.

In a § 2255 proceeding, "[a] judge may, for good cause, authorize a party to conduct discovery . . . . If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Section 2255 R. 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997) (cleaned up).

Ish raises three primary arguments in his Petition. However, the discovery he seeks is only tangentially related to any of these three arguments. Most of the materials Ish requests are related to the underlying facts of his criminal case, and not necessarily to the allegations raised in his Petition. Most, if not all, of this type of discovery is already in the hands of Ish's prior two attorneys—at the trial and appellate level—and he could request such discovery from them without a Court order. That said, some of the requests—such as "any statements" on a particular topic—are too broad and would unduly burden prior counsel.

In sum, Ish is welcome to request this information from his prior attorneys. Whether they can provide such material is undetermined. The availability of this discovery aside, the actual allegations raised in the instant Petition can be adjudicated based on the record before the Court in this case and in the underlying criminal case.

Consistent with the Court's conclusions above regarding legal representation, every case in the legal system *could* benefit from discovery when looking back on what took place. However, such is not the standard. The question is whether, based upon specific

allegations, discovery is necessary to fully develop the record to provide Ish relief. *See Bracy,* 520 U.S. at 908–09. The Court finds Ish has not made any specific allegations, nor identified any evidence, to suggest the sought-after discovery will illustrate he is entitled to relief.

Pursuant to 28 U.S.C. § 2255 and its governing rules, the Court does not find good cause exists to allow Ish to engage in discovery.[6] The Motion (letter) is DENIED.

### III. CONCLUSION

Ish has not meet his burden with respect to his requests to disqualify the undersigned, for the appointment of counsel, or to obtain discovery. Each request is, therefore, denied.

As outlined, Ish has consistently asked for more time and/or filed supplements requesting that the information contained therein be considered. The Court will accept these submissions, and (in due time) will review all the information provided. It is unclear, however, if Ish still needs more time to finalize his pleadings. Accordingly, the Court will afford Ish one final extension should he wish to file any additional information in support of his Petition. The Government will then have an opportunity to respond.

### IV. ORDER

1. Ish's Motion to Disqualify (Dkt. 9) is **DENIED**.

2. Ish's Motions to Supplement/Amend (Dkts. 11, 14, 15) are **GRANTED** in

---

[6] As noted, under Rule 6 of the Rules Governing Section 2255 Proceedings, a court *may* appoint counsel to aid a petitioner in reviewing discovery. Ish did not ask for an attorney to aid him in discovery as part of his request. This omission aside, the Court need not consider this option as it will not allow discovery in the first place.

that the Court will consider the materials included in those submissions. Each is **DENIED** in all other respects.

3. Ish's Motion for Discovery (contained in Dkt. 4) is **DENIED**.

4. Ish's Motion for Appointment of Counsel (contained in Dkt. 11) is **DENIED**.

5. Ish's various requests for a stay are **DENIED**; his various requests for more time are **GRANTED**.

6. Ish shall file any remaining materials in support of his Petition on or before April 29, 2022. Because of the voluminous record, the Government's response to Ish's Petition is due on or before June 17, 2022, and may be up to 30 pages in length. Ish's reply is due on July 15, 2022. These response/reply deadlines shall apply regardless of whether Ish files any remaining materials.

DATED: March 8, 2022

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10